UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.:06-22121--CIV-COOKE/BROWN

PHILIP KEIM, *et al.*,

    *Plaintiffs*,

vs.

TEAMSTERS LOCAL UNION No. 769,

    *Defendant*.
_____/

### ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

THIS MATTER is before the Court upon Plaintiff's Motion to Remand (DE 8), filed September 25, 2006. On August 23, 2006, the Defendant removed the present action to this Court pursuant to 28 U.S.C. § 1441. In its Notice of Removal the Defendant averred that this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Notice of Removal at ¶ 9. However, upon review of the Complaint this Court finds that it lacks subject matter jurisdiction over this action. Therefore, this action shall be remanded to the 11th Judicial Circuit in and for Miami-Dade County, Florida.

    **I.**    **DISCUSSION**
           **A.**    **REMOVAL STANDARD**

In removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists. Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1281 (11th Cir. 2001). Removal is permitted only where the case could have been filed in federal court originally. Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir.1994). Where the removing

party asserts federal question jurisdiction, it must appear on the face of the plaintiff's properly pleaded complaint that a federal question is presented. Dunlap v. G & L Holding Group, Inc., 381 F.3d 1285, 1290 (11th Cir.2004). The removal statute itself is construed narrowly with doubt construed against removal. See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 107-09 (1941). A strict construction of the removal statute prevents "exposing the plaintiff to the possibility that they may win a final judgment in federal court, only to have it determined that the court lacked jurisdiction." Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir.1997).

### B. THE PRESENT ACTION SHOULD BE REMANDED

In their Complaint, Plaintiffs allege that Defendant violated Article I, § 6 of the Florida Constitution and Florida Statute § 447.17. See Compl. These provisions are commonly referred to as the right-to-work law. Defendant removed this action on the basis that the federal enclave defense may be raised in this action. However, it is well settled that a case may not be removed to federal court on the basis of a federal defense even where the defense is anticipated in the plaintiff's complaint or where both parties concede that the federal defense is the only question truly at issue. Caterpillar, Inc. v. Williams, 482 U.S. 386, 393 (1987). See Geddes v. American Airlines, Inc., 321 F.3d 1349, 1353 (11th Cir. 2003) (citing Williams, 482 U.S. at 393). Moreover, in its response Defendant did not contest Plaintiffs' remand arguments, but instead, withdrew its Notice of Removal. See Opp. Thus, it appears that Defendant has conceded this Court's lack of subject matter jurisdiction. Therefore, the Court finds that this action should be remanded as the Complaint does not assert a federal cause of action and the federal enclave defense is insufficient to confer subject matter jurisdiction. See Williams, 482 U.S. at 393. Accordingly, it is hereby

ORDERED AND ADJUDGED as follows:

1. Pursuant to 28 U.S.C. § 1447(c) this matter is REMANDED to the 11th Judicial Circuit in and for Miami-Dade County, Florida.

2. This Case is DISMISSED.

3. The Clerk of Court is directed to CLOSE this Case. All pending motions are DENIED as MOOT.

DONE AND ORDERED in Chambers at Miami, Florida this 31st day of October, 2006.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:

*All Counsel of Record*